## UNITED STATES *v.* PEACE *et al.*

*(Circuit Court, E. D. North Carolina. January 11, 1892.)*

INTERNAL REVENUE—TAX ON SPIRITS—DISTILLERY WAREHOUSES.

Rev. St. § 3293, as amended by Act Cong. March 28, 1880, requires distillers to give a bond conditioned to pay the tax on spirits stored in distillery warehouses "before removal" therefrom, or within three years from the date of the bond. *Held*, that the destruction of such spirits by fire, while in the warehouse, does not constitute a "removal," so as to make the tax payable before the expiration of the three years.

At Law. Action against James C. Peace and others upon a distillery warehouse bond.

*Charles E. Cook*, U. S. Atty.

*Thomas Strayhorn*, for defendants.

SEYMOUR, J. The action is brought on a distiller's warehouse bond to recover the tax on certain spirits destroyed by fire in the warehouse. The fact of the destruction of the spirits does not release the distiller or his surety from liability for the tax. *Farrell* v. *U. S.*, 99 U. S. 221. The only question in the case is whether the tax is payable immediately upon the destruction of the spirits, or not until the expiration of three years from date of entry in the bonded warehouse. The present action was brought within the three years, and the question arises upon a special verdict.

The bond in suit, like all others of the same character, follows the phraseology of the statute, and is conditioned for the payment of the taxes due on the spirits described in it "before such spirits shall be removed from the warehouse, and within three years from the date of entry." The contention is as to the construction of the words, "removed from such warehouse." The verb, "to remove," bears in common usage two meanings: To cause a thing to change place, or to cause it to cease to exist; and, in the second meaning given, would include destruction by fire. The doubt in the matter *sub lite* does not, however, depend upon the abstract definition of the term, but upon the question of whether the removal contemplated by the statute must not be a removal by the distiller. The provisions of the statutes relating to the bonding of distilled spirits deemed material to the question of construction under con-

sideration are contained in sections 3248, 3251, 3271, 3272, 3274, 3287, 3293, and 3294 of the Revised Statutes, and in section 4 of Act March 28, 1880, amendatory of section 3293, *supra.* See Supp. Rev. St. (2d Ed.) 286. Section 3248 provides, that the tax shall attach to the article of distilled spirits as soon as it is in existence; section 3251, that it is to be paid by distiller before removal from distillery warehouse; section 3271, that every distiller shall provide, at his own expense, a warehouse to be situated on and constitute a part of his distillery premises, and to be used only for the storage of distilled spirits of his own manufacture, which, when approved by the commissioner of internal revenue, is declared a bonded warehouse, and shall be under the direction and control of the collector of the district, and in charge of an internal revenue store-keeper assigned thereto by the collector of internal revenue; section 3272, that whenever the commissioner is of opinion that any warehouse is unsafe he may discontinue its use, and require the merchandise therein to be transferred to some other warehouse; section 3274, that the warehouse shall be in joint custody of the store-keeper and the proprietor thereof; section 3287, that all distilled spirits shall be drawn from the receiving cistern into casks, and be immediately removed into the distillery warehouse; section 3293, that the distiller on the first day of each month, or within five days thereafter, shall enter the spirits in the prescribed form, and give bond with surety, etc., conditioned to pay the tax before removal from the warehouse, and within one year from the date of the bond; section 3294, that any distilled spirits may, on payment of the tax, be withdrawn from warehouse. By the act of March 28, 1880, distiller is required to pay the tax within three years from date of entry for deposit. The act further provides—

"That the tax on all distilled spirits hereafter entered for deposit in distillery warehouses shall be due and payable before and at the time the same are withdrawn therefrom, and within three years from the date of entry for deposit therein; and warehousing bonds hereafter taken under the provisions of section 3293, Rev. St., shall be conditioned for the payment of the tax before removal from the distillery warehouse, and within three years from the date of said bonds."

A collation of these sections leads irresistibly to the conclusion that the removal from the distillery warehouse spoken of must be a removal by or under the authority of the owner of the commodity. The tax attaches to the article, and becomes a lien on it, from the instant that it comes into existence. For the convenience of its owner, payment is postponed for three years, unless the owner removes it earlier. It is difficult to conceive that the destruction of the spirits by accident, and without fault on the part of the distiller, would be made by congress cause for hastening payment of the tax. It is true that, the thing on which government had a lien for its dues being destroyed, its security is lessened, and made to depend on the solvency of the distiller and his bond, and that between private parties such a condition of affairs would be considered an inducement to hasten collection. That such is not the way in which the legislature considered the matter as between govern-

ment and the distiller may be fairly inferred from the legislation looking to distiller's relief, when not in fault, in this class of cases. But I do not think it necessary to go beyond the words of the statute for the sense in which the term "removal" is used. Section 3272 provides for a transfer in certain cases from one warehouse to another. Evidently the tax would not be at once due on such a removal. Section 3294 uses the word "withdraw" as the equivalent of "remove." "The distilled spirits may, on payment of the tax, be withdrawn from," etc. And amended section 3293, after saying that the tax shall be due before and at the time the spirits are "withdrawn," directs that the bond for payment of the tax shall be conditioned for its payment before "removal" from the distillery warehouse. The statute thus itself construes the word "removal" to mean "withdrawal." A withdrawal cannot be the work of chance or accident. It must be the act of an intelligent agent.

I am, then, of the opinion that the tax on the spirits, for payment of which the bond in suit was given, was not due when the suit was instituted. Let an order be drawn in accordance with this opinion, and following the entry made at the trial.